UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| MARKEL K. LOKINSKI, | Case No. 1:25-cv-12493 |
| *Plaintiff,* | Thomas L. Ludington<br>United States District Judge |
| v. | |
| EQUIFAX, INC., et al., | Patricia T. Morris<br>United States Magistrate Judge |
| *Defendants.* | |

## REPORT AND RECOMMENDATION
## TO REMAND CASE TO STATE COURT

**I.  RECOMMENDATION**

For the following reasons, **IT IS RECOMMENDED** that the Court **REMAND** this action to state court *sua sponte* for lack of subject-matter jurisdiction.

**II.  REPORT**

    **A.  Introduction**

This case is one of two similar consumer rights lawsuits that Plaintiff has removed to this Court.[1]  As will be explained, a plaintiff cannot remove a case to federal court, so Plaintiff's case must be remanded to state court.

---

[1] The other case is *Lokinski v. Experian Info. Sol., Inc.*, No. 25-12483 (E.D. Mich.) (Ludington, J.).  The same recommendation will be made in both cases.

### B. Legal Standard

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "The statute authorizing removal from state court to federal court, 28 U.S.C. § 1441(a), states that cases may be removed by 'the defendant or the defendants.' " *Wang v. Coast 2 Coast Temp Hous.*, No. 25-10393, 2025 WL 521828, at *1 (E.D. Mich. Feb. 18, 2025). The Supreme Court has strictly construed this statute, explaining that Congress deliberately chose to omit "the reference in the earlier statute to removal by either party." *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107 (1941). This means that only "defendants in the traditional sense, meaning parties against whom the plaintiff asserts claims[,]" may remove a case to federal court. *Wang*, 2025 WL 521828, at *1; *see Progressive West Ins. Co. v. Preciado*, 479 F.3d 1014, 1017 (9th Cir. 2007) (affirming "*Shamrock*'s longstanding rule that a plaintiff/cross-defendant cannot remove an action to federal court").

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "[A] finding that removal was improper deprives th[e] court of subject matter jurisdiction and obliges a remand under the terms of § 1441(c)." *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991).

### C. Analysis

Here, Plaintiff improperly removed this case to federal court. The Court does not have subject matter jurisdiction to hear cases that have been improperly removed. *See Int'l Primate Prot. League*, 500 U.S. at 87. Therefore, the Court lacks subject matter jurisdiction over this case and should remand it to state court. *Cf. Wang*, 2025 WL 521828, at *1 ("Here, because McAllister, as a [plaintiff and] third-party defendant, is not permitted to remove this matter to federal court, the removal was improper. Accordingly, the court lacks subject matter jurisdiction and is obligated to remand this matter to state district court.").

### D. Conclusion

For these reasons, **IT IS RECOMMENDED** that the Court **REMAND** this action to state court *sua sponte* for lack of subject-matter jurisdiction.

## III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human*

*Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this R&R. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this R&R to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: August 19, 2025

s/PATRICIA T. MORRIS
Patricia T. Morris
United States Magistrate Judge